FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 0 2016

JAMES W. McCORMACK, CLERK
By: _____
                            DEP CLERK

# IN THE UNITED STATES DISTRICT COURT,
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**ROY MORLEY and WENDY MORLEY , husband and wife**                  **PLAINTIFFS**

**vs.**                        3:16 - cv- 00110  DPm /BP

**MEDIC ONE, LLC d/b/a MEDIC ONE-ARKANSAS,**
**DANIEL RIVERA, DESIREE HAWKINS BYRD, and**                  **DEFENDANTS**
**JOHN DOES 1-10**

This case assigned to District Judge ___MARSHALL___
and to Magistrate Judge ___DEERE___

### COMPLAINT

Come now, the Plaintiffs, Roy Morley and Wendy Morley, husband and wife, by and

through their attorneys, Reid, Burge, Prevallet & Coleman, and for their Complaint against the

Defendants, Medic One, LLC, d/b/a Medic One-Arkansas, Daniel Rivera and Desiree Hawkins

Byrd, and state as follows:

### PARTIES

1.  The Plaintiffs, Roy Morley and Wendy Morley, husband and wife are now and were

at all times pertinent to this Complaint residents and citizens of Shelby County, Tennessee.

2.  The Defendant, Medic One, LLC, is a for profit limited liability company organized

and existing under the laws of the State of Arkansas which has its principal place of business in

Jonesboro, Arkansas. It does business under the name of Medic One, LLC, but also does

business under the names Medic One-Arkansas, Medic One, Medic One EMS, and Medic One

Ambulance Service.

3.  The Defendant, Daniel Rivera, is now and was at all times pertinent to this case a

citizen of the State of Arkansas. His current county of residence is believed to be Cross County,

Arkansas.

1

4.  The Defendant, Desiree Hawkins Byrd (formerly Desiree Hawkins), is now and was at all times pertinent to this case, a resident and citizen of the State of Arkansas, who is believed to be currently residing in Randolph County, Arkansas.

5.  John Does 1-10, are individuals or business entities who may be jointly responsible with the other defendants in this case as joint tortfeasors with the named defendants whose acts of fault combined with those of the named defendants and caused the accident, injury, and damages complained of in this case. John Does 1-10 are or may be individually liable or are vicariously liable for fault which was a proximate cause of the accident, injuries, and damages complained of herein. A diligent search for the identity of these persons has been conducted. Upon ascertaining the identity of these John Doe defendants, the appropriate names will be substituted. (*See Exhibit 1, Affidavit of Robert L. Coleman*)

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction based on diversity-of-citizenship, pursuant to 28 U.S.C. § 1332, because the Plaintiffs and Defendants are citizens of different states, as set forth above, and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7.  Personal jurisdiction over the Defendants is proper inasmuch as all of the Defendants are residents and citizens of the State of Arkansas and the negligent acts which caused personal injury to the Plaintiff, Roy Morley, occurred in Craighead County, Arkansas.

8.  Venue is proper in this district and division pursuant to 28 U.S.C § 1391 and 28 U.S.C. § 83(a)(5) because all of the defendants are believed to be residents and citizens of the Eastern District of Arkansas and a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Arkansas, Jonesboro Division.

## FACTS

9.  At all times pertinent to this action, the Defendants, Daniel Rivera and Desiree Hawkins, were acting in the course and the scope of their employment as employees of Medic One and were the two crew members involved in the ambulance run which is the subject matter of this lawsuit.

10. On April 21, 2013, Roy Morley was sitting in the operator's seat of a small Ford tractor when it flipped and overturned throwing him from the tractor and causing him injury. As a result of that injury someone called for an ambulance. The Defendant, Medic One, LLC, then caused an ambulance with a two person crew, consisting of Daniel Rivera and Desiree Hawkins, to be dispatched to the scene near Goobertown in Craighead County, Arkansas. After arriving at the scene, the ambulance crew, consisting of Daniel Rivera and Desiree Hawkins, caused the Plaintiff, Roy Morley, to be placed on a stretcher owned by Medic One and secured him to that stretcher. Roy Morley was then placed into an ambulance to be transported a short distance to a helicopter so that he could be flown by helicopter to a hospital in Memphis, Tennessee for treatment.

11. As the stretcher with Roy Morley on it was being unloaded from the Medic One Ambulance Unit under the direction of Medic One personnel, including Daniel Rivera and Desiree Hawkins, the EMS stretcher collapsed causing the stretcher to fold into its lowest position and causing Plaintiff's head to strike the bumper of the ambulance with resulting injuries to Roy Morley.

12. At all times pertinent to this action, the ambulance crew in charge of loading and unloading the stretcher from the ambulance were employees of the Defendant, Medic One, LLC,

and it is believed that those individuals were the Defendants, Daniel Rivera and Desiree Hawkins.

13. In light of the fact that the ambulance crew, including Daniel Rivera and Desiree Hawkins, were employed by the Defendant, Medic Once, LLC, all acts and omissions of the ambulance crew, including Daniel Rivera and Desiree Hawkins, are imputed to the Defendant, Medic One, under the doctrine of *Respondeat Superior*.

14. The Defendants identified by the pseudo-names John Does 1-10 are believed to be individuals or business entities who the named defendants may contend were also guilty of or chargeable with fault which was a proximate cause of the injuries to Plaintiff, Roy Morley, which caused the damages to the plaintiffs more specifically described below. In the event it is determined, through further investigation and discovery, that these John Doe defendants were, in fact, guilty of or chargeable with fault which was a proximate cause of the injuries and damages described later in this case, Plaintiffs request that they be granted leave to file amended or supplemental pleadings herein to name those John Doe defendants as Defendants in this case.

15. At all times pertinent to this case, Medic One was a common carrier and, as such, Medic One and its employees had a duty to use the highest degree of care consistent with the type of conveyance used (an ambulance) and the practical operation of its businesses as an ambulance service. Its duties required it to protect its passengers, including Roy Morley, from injury when those injuries could have been prevented by the use of the highest degree of care. (*See AMI 1701 and 1702.*), and *Home Insurance Company v. Covington*, 255 Ark. 409, 501 SW 2d 27 (1973).

16. The Defendants are guilty of or are chargeable with fault, consisting of negligence, which acts of fault include, but are not limited to, the following:

(a) Failing to take adequate precautions so as to prevent the stretcher from collapsing and causing Plaintiff's head to strike the bumper of the ambulance;

(b) Failing to exercise ordinary care to prevent dropping the patient and causing his head to strike the ambulance bumper;

(c) Failing to properly inspect and maintain the stretcher;

(d) Failing to properly operate the stretcher;

(e) Failing to properly operate the stretcher so as to keep it from collapsing;

(f) Failing to properly protect Plaintiff's head to keep it from striking the bumper;

(g) Failing to exercise the skill and learning ordinarily possessed by members of an ambulance crew in the loading and unloading of a patient;

(h) Failing to institute proper measures to prevent further injury to a patient; and,

(i) Failing to otherwise exercise ordinary care.

17. As a proximate result of the above described acts of fault by the Defendants, Plaintiff's head hit the ambulance bumper, causing him to sustain severe injuries. As a proximate result of those injuries, Plaintiff is entitled to recover damages from the Defendant in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases to compensate him for the following elements of damage sustained:

(a) The nature, extent, duration and permanency of the injuries;

(b) Past and future medical expenses;

(c) Past and future pain, suffering and mental anguish;

(d) Visible results of the injuries;

(e) Past and future loss of earnings;

(f) Loss of earning capacity;

(g) Aggravation of a preexisting condition; and,

(h) Such other elements of damage as the jury may find to be justified by the evidence.

18. At the time of the incident which is the subject matter of this action, Roy Morley and Wendy Morley were married. As a proximate result of the above described acts of fault on the part of the Defendant, Wendy Morley sustained damages for loss of consortium in an amount which may exceed that required for federal court jurisdiction in diversity of citizenship case.

19. Plaintiffs respectfully demand trial by jury in this case.

WHEREFORE, Plaintiffs pray that they be granted judgment against the Defendants for compensatory damages for an amount which may exceed that required for federal court jurisdiction in diversity of citizenship cases; that they be awarded their costs; that they be awarded interest; and, that they be granted all other proper relief.

**REID, BURGE, PREVALLET & COLEMAN**
**417 N. Broadway, P.O. Box 107**
**Blytheville, Arkansas 72316-0107**
**Tel:**       **(870) 763-4586**
**Fax:**      **(870) 763-4642**
**E-mail:**    **rbpc@sbcglobal.net**

**Robert L. Coleman, No. 80031**
**Attorney for the Plaintiffs**

## IN THE UNITED STATES DISTRICT COURT,
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**ROY MORLEY and WENDY MORLEY , husband and wife**          **PLAINTIFFS**

**vs.**

**MEDIC ONE, LLC d/b/a MEDIC ONE-ARKANSAS,**
**DANIEL RIVERA, DESIREE HAWKINS BYRD, and**          **DEFENDANTS**
**JOHN DOES 1-10**

### AFFIDAVIT OF ROBERT L. COLEMAN

I, Robert L. Coleman, attorney for Plaintiffs, Roy Morley and Wendy Morley, husband and wife, do solemnly swear and affirm that the identity of the additional tortfeasors identified in the Complaint by the pseudo-names John Does 1-10 are unknown at this time. I have attempted a diligent inquiry to ascertain the identity of any such tortfeasors, but have been unable to determine the identity of the tortfeasors. Upon determination of the identity of the additional tortfeasors, I will amend the Complaint and substitute the real names for the pseudo-names. This Affidavit is being files contemporaneously with the Complaint pursuant to Ark. Code Ann. § 16-56-125.

Robert L. Coleman

STATE OF ARKANSAS          )
                           )s.s.
COUNTY OF MISSISSIPPI      )

Subscribed and sworn to before me this 19th day of April, 2016.

CHRISTOPHER E. BROWN
MY COMMISSION # 12695875
EXPIRES: October 30, 2025
Craighead County

Cen E. Br

*Notary Public*

**My Commission Expires:** 10-30-2025