IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ROY MORLEY and WENDY MORLEY                                    PLAINTIFFS

v.                          No. 3:16-cv-110-DPM

MEDIC ONE LLC, d/b/a Medic One–Arkansas;
DANIEL RIVERA; DESIREE HAWKINS BYRD;
JOHN DOES, 1-6; AIR EVAC EMS INC., d/b/a
Air Evac Lifeteam; JIM TOLEWITZKE;
BROOKLAND FIRE PROTECTION DISTRICT;
and AMERICAN ALTERNATIVE
INSURANCE CORPORATION                                          DEFENDANTS

## ORDER

1. In April 2013, Roy Morley was in a tractor accident in Craighead County. Paramedics responded to the 911 call, placed Morley on a stretcher and into a Medic One ambulance, and transported him to a nearby Air Evac helicopter. As Morley was moved from the ambulance into the helicopter, the stretcher undercarriage collapsed, his head hit the ambulance bumper, and he was injured. № 23.

Morley* says he drafted his original complaint based on Medic One and Air Evac records. № 23 at ¶ 12. Medic One records don't mention the bumper

---

*Although Roy and Wendy Morley are both plaintiffs, the Court will refer to Roy Morley as the plaintiff for clarity.

incident, while the Air Evac records do, noting that it happened while Morley was under Medic One's care. *Ibid.* So in the original complaint Morley named Medic One as a defendant, as well as some individual defendants, and "John Does 1–10." He didn't name Air Evac. Morley filed his complaint, № *1*, in April 2016, the day before the three-year statute of limitations expired. ARK. CODE ANN. § 16-56-105.

Almost a year later, in April 2017, Morley filed an amended complaint. № *23*. According to this pleading, Medic One's lawyer had recently informed Morley's lawyer that Morley was actually in Air Evac's care when his head hit the bumper. № *23 at* ¶ *13*. This time around, Morley named Air Evac in place of one of the John Does. № *23 at* ¶ *14*. Air Evac has moved to dismiss, arguing that Morley's action against it is time barred.

**2.** Air Evac's motion is granted. It's true that Morley filed his original complaint within the three-year statute, but he didn't name Air Evac as a defendant until almost a year after the limitations period had expired. And none of Morley's arguments for tolling persuades.

The John Doe statute doesn't save Morley's claim against Air Evac. ARK. CODE ANN. § 16-56-125; *Stephens v. Petrino*, 350 Ark. 268, 274–75,

86 S.W.3d 836, 840 (2002). As Morley points out, the *Stephens* facts were in brighter colors than those here. The Court concluded that the plaintiff knew about a tortfeasor's involvement but, as a matter of strategy, didn't name him initially. *Stephens*, 350 Ark. at 274–75, 86 S.W.3d at 840. The John Doe statute didn't apply. *Ibid.* Just as the *Stephens* plaintiff knew of McVay's involvement early on, though, Morley knew Air Evac was involved in getting him to the hospital, and that Air Evac personnel were present during the transfer into the helicopter. № 23 *at* ¶ 12. Morley learned facts about the scene from Air Evac's records. This isn't a situation where Morley could not "identify the tortfeasor, and [did] not know his name." *Stephens*, 350 Ark. at 278, 86 S.W.3d at 842.

Even if Air Evac was an unknown tortfeasor within the meaning of the John Doe statute, Air Evac is right that the statute of limitations isn't tolled unless the Rule 15 relation-back conditions exist. *Stephens*, 350 Ark. at 275–77, 86 S.W.3d at 840–41. Morley hasn't addressed those conditions, while Air Evac has demonstrated that they aren't present.

Morley's arguments for equitably tolling the limitations period fall short. Equitable estoppel doesn't apply: There's no indication that Air Evac

-3-

misled Morley, fraudulently invited him to delay filing suit, or did something to lull him into inaction. *Compare Kitchens v. Evans*, 45 Ark. App. 19, 27–28, 870 S.W.2d 767, 771 (1994), *with Taylor v. Taylor*, 2009 Ark. App. 605, 7–9, 343 S.W.3d 335, 339–40. Air Evac made its records about the incident and turned them over to Morley's attorney at some point before he sued. *№ 23 at ¶ 12*. It's understandable, based on those records, why Morley sued Medic One and not Air Evac. But given the many hands involved, and the murkiness about exactly what happened during the transfer from the ambulance to the helicopter, Air Evac's having listed Medic One as the party in control when the stretcher collapsed isn't so unfair and misleading that it created an estoppel.

And it doesn't equal fraudulent concealment — "some positive act of fraud, something some furtively planned and secretly executed as to keep the plaintiff's cause of action concealed . . .[.]" *Wilson v. General Electric Capital Auto Lease, Inc.*, 311 Ark. 84, 87, 841 S.W.2d 619, 620–21 (1992); *see also* BRILL, LAW OF DAMAGES § 13.8 (6th ed. 2014). It's undisputed Morley knew Air Evac was involved in getting him to the hospital and present when his head hit the

-4-

bumper; those facts weigh heavily against tolling the statute of limitations in Morley's favor on any equitable ground.

\* \* \*

Motion, № 40, granted. Morley's claims against Air Evac EMS, Inc., d/b/a Air Evac Lifeteam, are dismissed with prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 June 2017